# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| JOSEPH BROWN, | ) | 3:13-cv-00332-MMD-WGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | re Doc. # 15, Doc. # 17 |
| ROGER TOBAR, | ) | |
| Defendant. | ) | |

Before the court is Defendant's Motion for Change of Venue (Doc. # 15) and Defendant's Motion to Stay Responsive Pleading Pending Court Ruling (Doc. # 17).

**I. Motion for Change of Venue (Doc. # 15)**

Defendant seeks a change of venue of this matter from the unofficial Northern Division of the United States District Court for the District of Nevada to the unofficial Southern Division. Defendant recognizes that Plaintiff's action was appropriately filed under Local Rule IA 8-1(a) in the Northern Division because Plaintiff was then housed at Ely State Prison. (Doc. # 15.) However, because the "events giving rise to this action allegedly took place while Plaintiff was housed at Southern Desert Correctional Center ("SDCC") in Clark County, Nevada," the Defendant argues the matter should be transferred to the Southern Division for the "convenience of the parties and in the interest of justice." (*Id*. at 1-2.)

A motion for change of venue under 28 U.SC. § 1404(a) requires that the district or division to which the defendant seeks to have the action transferred be one in which the action might have been brought at the outset. *See, e.g., Amazon.com v. Cendant Corp.*, 404 F.Supp.2d 1256,1259 (W.D. Wa.

2005) (quoting 28 U.S.C. § 1404(a)); *Nachman v. Regenocyte Worldwide, Inc.*, No. 2:13-cv-00319-MMD-PAL, 2014 WL 537646 at * 7 (D. Nev. Feb. 5, 2014). Defendant in this matter seeks to transfer this case to the Southern Division. However, under L.R. IA 8-1(a), the Southern Division would not have been the appropriate division for commencement of this action. Thus, transfer to the Southern Division would seemingly not satisfy the preconditions of § 1404(a) because this action could not have been commenced in the unofficial Southern Division.

While transfer of this action to the Southern Division might be more convenient for the Defendant (and perhaps Defendant's counsel, who is located in the Attorney General's Office in Las Vegas), in this court's experience, rarely, if ever, do §1983 plaintiffs or defendants appear personally in federal court in pretrial proceedings. Instead, almost all pretrial hearings are conducted with telephonic participation of the plaintiff. Indeed, the deputy attorney general handling the §1983 case frequently just appears telephonically.

Also, in this court's experience, very few § 1983 cases proceed to trial. However, if this case were transferred to the unofficial Southern Division, unless the case were also reassigned to another district judge (and probably to another magistrate judge), and if the case did proceed to trial, District Judge Miranda M. Du and her staff may have to travel to Las Vegas to conduct this case. Doing so would likely inconvenience Judge Du and her staff, and would not necessarily be in the interests of justice.

A request to transfer the matter to the Southern Division on the grounds of convenience of witness and expense of travel considerations might be more appropriate at a point in time after dispositive motions are resolved and if the matter appears to be proceeding to trial.

Therefore, exercising the court's discretion when deciding § 1404 venue transfer motions, Defendant's motion for change of venue (Doc. # 15) is **DENIED without prejudice.**

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

**II.  Motion to Stay Responsive Pleading (Doc. # 17)**

In view of the court's order regarding the motion for change of venue, Defendant's motion to stay responsive pleading (Doc. # 17) is **DENIED.**  Defendant shall file a responsive pleading within twenty (20) days of the date of this order.

**IT IS SO ORDERED.**

DATED:  April 1, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE